J-A23013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANTHONY BERRY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROGER DICKSON, RHONDA | : | No. 1918 EDA 2016 |
| DICKSON, ELITE PROPERTY | : | |
| MANAGEMENT, LLC AND LASALLE | : | |
| PROPERTIES, LLC | : | |

Appeal from the Judgment Entered July 29, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  August Term, 2014 No. 3087

BEFORE:   PANELLA, J., DUBOW, J., and FITZGERALD[*], J.

MEMORANDUM BY PANELLA, J.                **FILED DECEMBER 08, 2017**

Appellant sued the Appellees, alleging their negligent maintenance of a building led to a ceiling collapse that resulted in his serious injury. The matter proceeded to trial. The jury ultimately returned a verdict in Appellees' favor. The length of their deliberations is at issue on appeal.[1]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant purports to appeal from the order denying his post-trial motions. "Orders denying post-trial motions, however, are not appealable. Rather, it is the subsequent judgment that is the appealable order when a trial has occurred." **Harvey v. Rouse Chamberlin, Ltd.**, 901 A.2d 523, 524 n.1 (Pa. Super. 2006) (citation omitted). Appellant prematurely filed his notice of appeal, as judgment in this case was not entered until July 29, 2016. Despite this error, we will address the appeal because judgment has been entered on the verdict. **See id**. We have corrected the appeals statement of the caption accordingly.

The trial began on Friday, April 15, 2016, and the parties rested on Tuesday, April 19. Shortly after noon on April 21, the jurors informed the court they were "unable to reach a verdict on question 1." The court instructed them to continue deliberating. Late in the afternoon the next day, the jurors informed the court "that after a very exhaustive consideration of the evidence" they "were unable to reach a verdict on question 1." The court informed the parties of its intention to "give them an instruction" and "have them at least try one more time at deliberating…." The court indicated that if they had not reached a verdict on Monday it would consider if they were "hopelessly deadlocked." Appellant moved for a mistrial, which the court denied. The court brought in the jurors and read them a lengthy instruction. In essence, the court explained if they were unable to reach a verdict, it would declare a mistrial and asked them "to please continue to work together awhile more to try and reach a verdict." As it was 4:00 p.m. on Friday, the court dismissed the jurors for the weekend.

Deliberations resumed on Monday morning. At 9:39 a.m., the jurors requested, "to hear the charge re-read" as they were interested "in the instructions regarding weighing the evidence, lack of evidence, witness credibility." Appellant asked for reconsideration of the court's denial of its motion for a mistrial, which the court denied. The court obliged the jurors' request, read them the burden of proof charge, and went on to "remind" the jurors "that you are not to violate your own personal beliefs. In other words, don't change your opinion just because of another juror's opinion or to

return a verdict, but if you can do so without violating your own personal judgment." Later that afternoon, the jurors returned a defense verdict.

On appeal, Appellant argues the court effectively coerced the verdict after instructing the jury to resume deliberations after they indicated twice over four days of deliberations they were unable to reach a verdict. We disagree.

"[T]he amount of time that a jury is kept together to deliberate is" a "matter … within the discretion of the trial judge, whose decision will only be reversed for an abuse of discretion or evidence that the verdict was the product of coercion of an overworked or fatigued jury." *Commonwealth v. Bridges*, 757 A.2d 859, 881 (Pa. 2000) (citations omitted), *abrogated on other grounds by* *Commonwealth v. Freeman*, 827 A.2d 385 (Pa. 2003). In determining what constitutes an abuse of discretion in this context, "consideration should be given to the charges at issue, the complexity of the issues, the amount of testimony to consider, the length of the trial, the solemnity of the proceedings and indications from the jury on the possibility of reaching a verdict." *Commonwealth v. Johnson*, 668 A.2d 97, 108 (Pa. 1995) (citations omitted).

Appellant attempts to minimize what the jurors had to consider by characterizing this matter as "a noncomplex case." But at the same time Appellant documents in his brief the severity of his injuries (to his cervical spine, his lumbar spine, and his left shoulder), which he continues to attribute to Appellees' negligence in maintaining their property. And the

jurors in this negligence case had to consider *all that* after hearing testimony from three fact witnesses and two expert witnesses.

As noted, the jurors twice indicated they were deadlocked in their deliberations. But they never indicated they were *hopelessly* deadlocked. ***See id***., at 109 (finding no abuse of discretion in trial court's refusal to end deliberations where, among others, the jury indicated they were deadlocked, but not "*hopelessly*" so) (emphasis in original). Nor is the time of deliberations and rendering of the verdict here an aberration in the case law. ***See Commonwealth v. Penn***, 439 A.2d 1154, 1161 (Pa. 1982) (finding no abuse of discretion to continue deliberations where jury indicated it was deadlocked after two days of deliberations, but reached a verdict on the fourth day).

The trial court carefully and methodically instructed the jurors on the law and reminded them they were under no pressure whatsoever to violate their own personal judgment by entering a particular verdict—all the court instructed them to do was to continue to work together and consider the evidence. After hearing that thoughtful instruction on Friday afternoon, the jurors returned on Monday morning and after some deliberation requested to hear the burden of proof charge again, later returning a defense verdict. That last request for an additional instruction strongly suggests the jurors moved past their deadlock. Appellant has failed to demonstrate the verdict was the product of coercion of an overworked or fatigued jury.

The trial court committed no abuse of discretion in this case when it refused to end deliberations.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2017